**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00699-DDD-STV

DMITRY KATSEL; and
HELENE KATSEL,

     Plaintiffs,

v.

ALIBABA GROUP HOLDING LIMITED; *et al*,

     Defendants.

_____

**ORDER**

_____

Entered by Chief Magistrate Judge Scott T. Varholak

     This matter comes before the Court on Plaintiff's Renewed Motion to Allow Alternative Service (the "Motion") [#37] which has been referred to this Court [#38]. The Motion seeks leave to serve Defendant Senoc Point-of-Sale Marketing ("Defendant") by e-mail or by messaging through Alibaba's internal messaging system. [*Id.*] This Court has carefully considered the Motion, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED**.

## I.    BACKGROUND

     Plaintiffs initiated this action on March 3, 2025 by filing their Complaint. [#1] To date, Plaintiffs have been unable to locate and properly serve Defendant, a corporate entity believed to be operating in the Philippines. [*See generally* #37] Plaintiffs have made diligent efforts to locate Defendant's address to effectuate service. Specifically,

Plaintiffs: (1) contacted Alibaba, the platform through which Defendant was operating, to obtain contact information, but the information provided was false; (2) attempted to contact Defendant via email and Alibaba's internal messaging system, but received no response; (3) conducted searches using public records and third-party verification services; and (4) retained a private investigator in the Philippines, who confirmed that the provided address did not exist and was unable to locate Defendant at any alternative location. [*Id*. at 2]  Accordingly, Plaintiffs seek leave of this Court to serve Defendant: (1) by email sent to an email address associated with Defendant, contact@spsalemarketing.com; and (2) by messaging through the Alibaba internal platform messaging system. [*Id*. at 4]

Plaintiffs previously filed a Motion for Alternate Service [#31], which the Court denied without prejudice for failure to establish a connection between the proposed avenues of service and the Defendant [#34].  Plaintiffs filed the instant motion renewing their request for alternate service on August 15, 2025.  [#37]

## II.    DISCUSSION

Federal Rule of Civil Procedure 4(h) sets forth the acceptable methods for service of process for corporations.  Rule 4(h) provides, "[u]nless federal law provides otherwise," a corporation that is to be served "at a place not within any judicial district of the United States" must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2).  Rule 4(f), in turn, provides that, unless federal law requires otherwise, "an individual . . . may be served at a place not within any judicial district of the United States:"

2

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). "Courts have held that Rule 4(f) does not create a hierarchy among its subsections dictating that one form of service is favored over another." *Garb Oil & Power Corp. v. Titan Int'l Sec., Inc.,* No. 2:17-CV-00762-PMW, 2018 WL 4401737, at *1 (D. Utah Sept. 14, 2018) (collecting cases). "Accordingly, 'service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.'" *Id*. (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). Finally, to comply with due process, any means of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).

The United States and the Philippines are signatories to the Hague Service Convention, the primary framework for cross-border service of process. *See Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters,* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited August 27, 2025). However, the Convention only applies when the address of the person to be served is known. *See* Hague Convention, art. 1, 20 U.S.T. 361 ("This Convention shall not apply where the address of the person to be served with the document is not known."). Here, Plaintiffs do not have a known address for Defendant

in the Philippines.  [#37 at 3]  Therefore, the Hague Convention does not apply and does not prohibit alternate means of service in this case.

Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders," so long as the means employed are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane*, 339 U.S. at 314.  And courts have found that service via email or messaging is not prohibited by international agreement and that service on foreign defendants through these methods is permissible under Rule 4(f)(3).  *See Beijing QIYI Century Sci. & Tech. Co. v. Shenzhen QiYi Innovations Tech. Co.*, No. 18-cv-02360-RM-STV, 2018 WL 6589806, at *3 (D. Colo. Dec. 13, 2018) (service upon the defendants via e-mail was permissible under Rule 4(f)(3)); *Jackson Lab'y v. Nanjing Univ.*, No. 1:17-cv-00363-GZS, 2018 WL 615667, at *3-5 (D. Me. Jan. 29, 2018) (collecting cases) (finding that service by e-mail does not violate international agreement); *see also Maverick Trading, Inc. v. Moore*, No. 2:19-cv-00203-TC-PMW, 2019 WL 13219593, at *2 (D. Utah Aug. 8, 2019) (authorizing alternative service by e-mail, private messages via Twitter account, and website via the contact submission page); *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (authorizing alternative service by e-mail and Facebook).  Accordingly, the Court finds that service by email or messaging on Defendant is appropriate under Rule 4(f)(3), satisfies due process, and is not barred by any applicable international agreement.

Having determined service by email or messaging is permissible, the remaining issue is whether service by email or messaging would provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of

4

the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. The Court was previously not persuaded that the proposed methods of alternative service—via two potential email addresses and internal messaging platform—were reasonably calculated to give Defendant notice of the suit because there was little to no direct connection between the email addresses and messaging platform and Defendant. [*See #34 generally*] While courts have approved email and messaging service under Rule 4(f)(3) in appropriate circumstances, they have generally required some indication that the email address is tied to the defendant and likely to provide actual notice. *See e.g., Beijing QIYI Century Sci. & Tech. Co.*, 2018 WL 6589806, at *4 (finding the proposed email address sufficient to apprise the defendant of the pending suit because it was previously used to successfully effectuate service in a separate proceeding); *Collins v. Doe*, No. No. H-10-2882, 2010 WL 4954727, at *1 (S.D. Tex. Nov. 30, 2010) (recognizing "courts have applied provisions of Rule 4 of the Federal Rules of Civil Procedure to authorize e-mail service when the record discloses diligent efforts by the plaintiff to obtain a physical address to effect traditional service, that the defendant does business on-line . . ., and that the defendant has recently communicated using the e-mail address the plaintiff proposes to use for service").

In their renewed Motion, Plaintiffs have provided sufficient evidence to establish a clear connection between the proposed alternate avenues of service and Defendant. First, Plaintiffs offer evidence to show they have engaged in multiple email exchanges with a sales representative using the "contact@spsalemarketing.com" address. [##37 at 4-5; 37-1 at 16-53] These exchanges sufficiently show that this email is connected to Defendant. Plaintiffs further demonstrate that this email address was obtained directly

from Defendant during business dealings.  [#37 at 5]  Accordingly, the Court is satisfied that service via email to contact@spsalemarketing.com is reasonably calculated to apprise Defendant of the action.  *See Whirlpool Corp. v. Shenzhen Lujian Tech. Co.*, No. 2:21-CV-00397-JRG, 2022 WL 329880, at *2 (E.D. Tex. Feb. 2, 2022) ("Serving Defendant through an actively monitored electronic mail address will provide adequate notice of the suit."); *ShelterZoom Corp. v. Goroshevsky*, No. 19-cv-10162 (AJN), 2020 WL 4252722, at *2 (S.D.N.Y. July 23, 2020) (as long as the plaintiff "demonstrates that the email is likely to reach the defendant, then [s]ervice by email alone comports with due process" (quotation omitted)); *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp.3d 374, 379 (S.D.N.Y. 2018) (finding that service through email was particularly appropriate because plaintiff showed that "defendants engage in online business and regularly communicate with customers through functional email addresses"); *see also F.T.C. v. Pecon Software Ltd.*, No. 12 Civ. 7186 (PAE), 2013 WL 4016272, at *6 (S.D.N.Y. Aug. 7, 2013) (finding that when email addresses were "use[d] [by defendants] . . . in relation to the alleged scheme . . . the [plaintiff] ha[d] demonstrated a high likelihood that defendants would receive service at [those] email addresses").

Plaintiffs also seek authorization to serve Defendant via Alibaba's internal messaging system.  [#37 at 5]  The Court can further conclude that service by messaging system would be reasonably calculated to apprise Defendant of the action, as Plaintiffs have submitted evidence demonstrating that Defendant's seller page on Alibaba remains active and the parties have exchanged "numerous messages" through this messaging platform previously, including initial inquiries, product discussions, and dispute resolutions.  [##37 at 5; 37-1 at 1-15, 54]; *see also Purple Innovation, LLC v. Chuang Fan*

*Handicraft Co.*, No. 2:22-cv-00620, 2023 WL 3168485, at *3 (D. Utah Apr. 28, 2023)

(allowing service by messaging center because the plaintiff verified the defendants' seller

pages were active, and sent and received messages via the messaging platform); *NOCO*

*Co. v. Liu Chang*, No. 1:18-cv-2561, 2020 WL 533021, at *3 (N.D. Ohio Feb. 3, 2020)

(finding service through an internal messaging center reasonably calculated to reach the

defendant as prior correspondence between the plaintiff and the defendant demonstrated

that the defendant was capable of receiving messages through that platform).

The Court is thus satisfied that these alternative methods of service are sufficient

to place Defendant on notice of the pendency of this action and will afford Defendant an

opportunity to respond to the Complaint.  Accordingly, the Court GRANTS the request for

alternative service.

## III.    CONCLUSION

Accordingly, for the reasons discussed above, the Renewed Motion to Allow

Alternative Service [#37] is **GRANTED**.  Plaintiffs are granted leave to serve Defendant

by email to contact@spsalemarketing.com and through Alibaba's messaging platform.  In

addition to the documents required to effectuate service, Plaintiffs shall also include a

copy of this Order.


DATED:  August 27, 2025                    BY THE COURT:

                                           s/Scott T. Varholak
                                           Chief United States Magistrate Judge