**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00699-DDD-STV

DMITRY KATSEL; and
HELENE KATSEL,

    Plaintiffs,

v.

ALIBABA GROUP HOLDING LIMITED;
ALIBABA.COM US E-COMMERCE CORP.;
ALIBABA.COM US LLC;
ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED; and
SENOC POINT-OF-SALE MARKETING,

    Defendants.

_____

**ORDER TO SHOW CAUSE**
_____

Chief Magistrate Judge Scott T. Varholak

    This civil action is before the Court sua sponte upon the Court's review of Plaintiffs' Complaint. [#1] "A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). Accordingly, even "[i]f the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Because federal courts are courts of limited jurisdiction, the Court must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160

(10th Cir.1999).  Because Plaintiffs invoked federal jurisdiction by filing their Complaint in this Court, Plaintiffs bear the burden to establish the Court's subject matter jurisdiction. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

In the Complaint, Plaintiffs allege that this Court "has the subject matter jurisdiction pursuant to 28 U.S. Code § 1332" because Plaintiffs are citizens of Colorado and the Alibaba Defendants are foreign entities conducting business in the United States.[1] [#1 at ¶ 5]  [*Id*.]  However, Plaintiffs have not sufficiently alleged facts Plaintiffs have not adequately alleged the existence of diversity jurisdiction over this matter.  Pursuant to Section 1332(a)(1), federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  Diversity jurisdiction requires complete diversity—*i.e.*, "no plaintiff may be a citizen of the same state as any defendant."  *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

---

[1] Plaintiffs allege that "this Court also has subject matter jurisdiction under 28 U.S.C. § 1331 due to the claims arising out of the federal statutes."  [#1 at ¶ 5]  A district court may exercise federal question jurisdiction over any "civil action arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under federal law when the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983).  Pursuant to the "well-pleaded complaint" rule, "federal [question] jurisdiction can only exist where a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Colorado ex rel. Salazar v. Ace Cash Exp., Inc.*, 188 F. Supp. 2d 1282, 1283-84 (D. Colo. 2002) (citing *Cisneros v. ABC Rail Corp.*, 217 F.3d 1299, 1302 (10th Cir. 2000)).  In addition to several state-law claims, Plaintiffs' Complaint asserts federal claims under the criminal code, which do not provide a private right of action.  [#1 at ¶¶ 6, 38]; *see MMXII, Inc. v. QFA Royalties LLC*, No. 13-CV-00253-MSK, 2013 WL 599557, at *3 (D. Colo. Feb. 15, 2013); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).  Because Plaintiffs fail to identify a claim arising under any constitutional right, law, or treaty of the United States, to which they have a private right of action, they have failed to carry their burden to establish this Court's federal question jurisdiction over their claims.

Here, the Complaint alleges that of the five Defendants: 1) "Alibaba Group Holding Ltd. is organized and exists under the laws of the Cayman Islands, with its principal address at 969 West Wen Yi Road, Yu Hang District Hangzhou 311121, People's Republic of China," [#1 at ¶ 2]; 2) "Alibaba.com US E-Commerce Corp. is registered in the State of Delaware," [*id.*], and 3) Alibaba.com U.S. LLC is registered in the State of Delaware. [*Id.*] Plaintiffs fail to identify the citizenship of Alibaba.com Singapore E-Commerce Private Limited[2] and Senoc Point-of-Sale Marketing.

Unlike a corporation, the citizenship of an unincorporated entity is not based upon the state of its organization and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1) (defining citizenship for "corporations"). Instead, the citizenship of unincorporated entities, such as a limited liability company, is determined by looking to the citizenship of its members. *See Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 380 (2016) (holding that citizenship of an unincorporated entity is determined by considering the citizenship of all of the entity's members); *Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1046–47 (10th Cir. 2016) (holding that "federal courts must treat LLCs as partnerships for purposes of establishing jurisdiction"); *Hawk v. Bank of America, N.A.*, No. 14-CV-03517-ELR, 2015 WL 11347683, at *2 (N.D. Ga. Apr. 15, 2015) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004)) ("A PLLC (professional limited liability company), like an LLC (limited liability company), holds the citizenship of its members."). Moreover, "[t]he citizenship of the parties must be established with specificity." *U.S. Advisor, LLC v. Berkshire Property*

---

[2] Plaintiffs allege that they "did not locate the US registration for the Alibaba.com Singapore E-Commerce Private Limited, therefore it is assumed that the company is either doing business in the US through the AGHL et. al; Alibaba.com US E-Commerce Corp.; Alibaba.com U.S. LLC or is doing business in the US illegally." [#1 at ¶ 2]

3

*Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *1 (D. Colo. July 10, 2009) (noting that Plaintiffs had not satisfied the Court of jurisdiction when Plaintiff merely stated the citizenship of the LLC members, without identifying the members); *see also Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 118 (4th Cir. 2004) ("[I]t is . . . well-settled that the parties' characterization of themselves or their claims is not determinative for federal jurisdiction purposes."). Thus, "[w]here the member of an unincorporated association is also an unincorporated association, the citizenship of the member unincorporated association must be traced through however many layers of partners or members there may be to determine the citizenship of the unincorporated association party." *Prestige Mfg. Co., LLC v. Gault,* No. CIV-20-56-R, 2020 WL 1030902, at *2 (W.D. Okla. Mar. 3, 2020).

Here, Plaintiffs rely solely on the citizenship test for corporations—place of incorporation and principal place of business—for Defendants Alibaba Group Holding Limited and Alibaba.com US LLC, [#1 at ¶ 2], but fail to provide sufficient information for the Court to determine citizenship of Alibaba.com Singapore E-Commerce Private Limited; and Senoc Point-of-Sale Marketing. Although Plaintiffs describe these Alibaba Defendants as limited companies or LLCs, they do not identify the members of these entities or the citizenship of those members, as required for determining diversity jurisdiction. As to Senoc Point-of-Sale Marketing, Plaintiffs merely refer to is as a "criminal entity," allegedly based in the Philippines, [*id*. at ¶ 4], but provide no information about its organizational structure, which prevents the Court from assessing its citizenship. The Court is therefore unable to determine whether complete diversity exists in this case for

4

the purposes of the Court's diversity jurisdiction.  Ultimately, Plaintiffs have failed to satisfy their burden of establishing this Court's subject matter jurisdiction over their case.

Accordingly, it is **ORDERED** that, on or before **October 28, 2025**, Plaintiffs shall show cause, if there be any, in writing, why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.  **Plaintiffs are cautioned that failure to timely respond to this Order to Show Cause may result in a recommendation that this action be dismissed without further notice or opportunity to be heard.**

DATED:  October 7, 2025                            BY THE COURT:

                                                                s/Scott T. Varholak
                                                                Chief United States Magistrate Judge