# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DMITRY KATSEL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALIBABA GROUP HOLDING LIMITED, *et al.*, <br><br> Defendants. | No. 1:25-cv-00699-DDD-STV |

**ALIBABA DEFENDANTS' MOTION FOR LEAVE TO
FILE SUR-REPLY TO PLAINTIFFS' REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

With great reluctance at adding another filing to this dispute that is already clogged by Plaintiffs' numerous repetitive, unduly lengthy filings, the Alibaba Defendants[1] seek leave to file a brief sur-reply to Plaintiffs' Reply to Defendants' Opposition to Motion for Leave to File Sur-Reply ("Plaintiffs' Reply") (Dkt. 96). This motion should be granted for two reasons.

***First***, Plaintiffs' Reply is based on a new argument that is demonstrably false and could mislead the Court about a prior filing submitted to Judge Crews in Plaintiffs' prior case (Civil Action No. 1:24-cv-00181-SKC) ("Prior Case") involving the same Senoc skid steer at issue here. Plaintiffs assert that "Defendants' premise that Plaintiffs 'filed the same DTI print-out' in Case No. 1:24-cv-00181-SKC is factually inaccurate" and that the "specific DTI Certificate No. 2954168 and sole-proprietorship characterization now advanced were not before Judge Crews."

---

[1] Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, and Alibaba.com Singapore E-Commerce Private Limited.

Plaintiffs' Reply at 2. However, that argument is false and misleading because the same print-out that Plaintiffs rely on heavily to oppose the subject-matter-jurisdiction argument in the Alibaba Defendants' Motion to Dismiss, in fact, **was filed** by Plaintiffs in the Prior Case and **therefore was before Judge Crews** when he dismissed the Prior Case for lack of subject matter jurisdiction. This Court can confirm that by reviewing: (a) the last page of Exhibit 1 (Dkt. 89-1) to the Alibaba Defendants' Motion to Dismiss, which shows that the print-out was filed as Exhibit 1 to "Plainiffs' [*sic*] Answers to the Court's Order to Show Cause" (Dkt. 5, in the Prior Case); and (b) the filing at Docket Entry 5 in the Prior Case, which is "Plainiffs' [*sic*] Answers to the Court's Order to Show Cause," with the Exhibit 1 print-out at the last page of that filing.[2]

**Second**, if Plaintiffs had asserted the new, false argument discussed above in Plaintiffs' Motion for Leave to File Sur-Reply (Dkt. 93) when they could have made it—instead of engaging in improper sandbagging by waiting to assert it in Plaintiffs' Reply—the Alibaba Defendants would have set the record straight in their Opposition (Dkt. 95) to ensure that this Court is not misled by Plaintiffs. Plaintiffs should not be permitted to misrepresent the record by making a new argument in a reply without the Alibaba Defendants being granted leave to file a sur-reply.

For the foregoing reasons, the Court should grant leave for the Alibaba Defendants to file a sur-reply in response to Plaintiffs' Reply. The Alibaba Defendants do not attach a proposed sur-reply as an exhibit to this motion. There are other misrepresentations and misleading arguments in Plaintiffs' Reply (not addressed above) that would be addressed in the Alibaba Defendants' sur-reply. If the Court grants leave, the Alibaba Defendants will file their sur-reply.

---

[2] Although the docket sheet entry does not match the title of the filing (apparently due to a mistake by Plaintiffs), the filing makes clear—by the substance and the title used by Plaintiffs—that it was their response to Judge Crews' show cause order regarding subject matter jurisdiction.

Dated: April 17, 2026

Respectfully submitted,

BALANCE LAW FIRM

By: *B. Robert Liu*

B. Robert Liu, Esq.
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

Greg R. Remmenga, Esq.
GREG REMMENGA, P.C.
714 Arrowest Road, Unit B
Grand Junction, CO 81505
(970) 263-4734
greg@gregremmenga.com

*Attorneys for Defendants Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com US LLC, and Alibaba.com Singapore E-Commerce Private Limited*

I hereby certify that the foregoing Motion complies with the type-volume limitation set forth in

DDD Civ. P.S. III(A)(1).

CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of April 2026, I caused to be served, via first-class

mail (postage prepaid), the foregoing Motion on:

Dmitry Katsel
Helene Katsel
13859 North Valley Hi Court
Parker, CO 80138

B. Robert Liu
B. Robert Liu

4