**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00699-DDD-STV

DMITRY KATSEL; and
HELENE KATSEL,

      Plaintiffs,

v.

ALIBABA GROUP HOLDING LIMITED;
ALIBABA.COM US E-COMMERCE CORP.;
ALIBABA.COM US LLC;
ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED; and
SENOC POINT-OF-SALE MARKETING,

      Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Chief Magistrate Judge Scott T. Varholak

      This civil action is before the Court on the Alibaba Defendants' Motion to Dismiss for Lack of Jurisdiction (the "Motion") [#89] which has been referred to this Court [#90]. This Court has carefully considered the Motion and related briefing, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

## I.    BACKGROUND[1]

This action arises out of a 2023 transaction between Plaintiffs Dmitry and Helene Katsel and Defendant Senoc Point-of-Sale Marketing ("Senoc") on Defendant Alibaba's[2] membership-based online marketplace.  [*See generally* #83]  On August 28, 2023, the Alibaba Defendants transmitted an advertisement to Plaintiffs through the Alibaba.com platform recommending the purchase of skid steer equipment.  [*Id.* at ¶ 26]  Plaintiffs responded through the Alibaba.com portal and, that same day, the Alibaba Defendants connected Plaintiffs with their supplier, Senoc.  [*Id.* at ¶¶ 27-28]

The Alibaba Defendants assured Plaintiffs that Senoc was Alibaba's Gold Supplier and TrustPass holder operating under Alibaba's verification framework, and that the transaction was safe and vetted.  [*Id.* at ¶ 29] Based upon Alibaba's assurances, Plaintiffs wired Senoc $25,850.  [*Id.* at ¶ 36]  In reality, however, Alibaba's representations about Senoc were not true and Senoc was not actually a legitimate supplier of the equipment it purported to offer.  [*Id.* at ¶ 32]  On December 3, 2023, Plaintiffs notified Alibaba of the fraud committed by Senoc.  [*Id.* at ¶ 34]  Despite this notification, Alibaba has continued to transmit solicitations and friendly reminders promoting equipment offered by Senoc. [*Id.* at ¶ 35]

Plaintiffs initiated this action on March 3, 2025.  [#1] The original Complaint asserted subject matter jurisdiction pursuant to both 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a)(2).  On October 7, 2025, this Court issued an Order to Plaintiffs to show cause

---

[1] The facts are drawn from the allegations in Plaintiffs' Second Amended Complaint (the "Complaint") [#83], which must be taken as true when considering a motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

[2] In asserting the factual allegations, the Complaint does not distinguish between the various Alibaba entities named as Defendants.

why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.  [#42]  Specifically, the Court noted that Plaintiffs had not pled any federal claims for federal question jurisdiction and had insufficiently alleged diversity jurisdiction. [*Id.*] Plaintiffs filed two responses to the Order to Show Cause.  [## 45, 51]  Plaintiffs also filed a Motion to Amend their Complaint seeking to add a claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq*. [#48]

On November 12, 2025, this Court issued a Recommendation that the Motion to Amend be denied because Plaintiffs proposed Amended Complaint did not sufficiently assert a RICO claim.  [#55 at 8-14]  The Court further recommended that the case be dismissed for lack of jurisdiction as Plaintiffs had not sufficiently pled diversity jurisdiction. [*Id.* at 5-8]  On January 27, 2026, United States District Judge Daniel D. Domenico adopted this Court's Recommendation but permitted Plaintiffs to file an Amended Complaint addressing the subject matter deficiencies.  [#82]

On February 3, 2026, in response to Judge Domenico's Order, Plaintiffs filed the operative Complaint. [#83]  The operative Complaint brings five claims for relief pursuant to Colorado law: (1) fraudulent misrepresentation against the Alibaba Defendants; (2) negligent misrepresentation against the Alibaba Defendants; (3) violation of the Colorado Consumer Protection Act against the Alibaba Defendants; (4) civil theft, apparently against all Defendants; and (5) unjust enrichment, apparently against all Defendants. [#83 at 37-49]  Plaintiffs maintain that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

On March 10, 2026, the Alibaba Defendants filed the instant Motion.  [#89]  The Motion maintains that: (1) Plaintiffs have not cured the jurisdictional deficiencies previously asserted and the Court therefore lacks subject matter jurisdiction over this case [#89 at 3-7], and (2) this Court lacks personal jurisdiction over the Alibaba Defendants [*id.* at 7-13]. Plaintiffs have responded to the Motion [#91], the Alibaba Defendants have replied [#92], and both sides have filed sur-replies [## 100, 101].

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of subject-matter jurisdiction."  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  "The *Haines* rule applies to all proceedings involving a pro se litigant."  *Id.* at 1110 n.3.  The Court, however, cannot be a pro se litigant's advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  Moreover, pro se parties must "follow the same rules of

4

procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

## III.    ANALYSIS

"A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980).  Because federal courts are courts of limited jurisdiction, the Court must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir.1999).  Because Plaintiffs invoked federal jurisdiction by filing their Complaint in this Court, Plaintiffs bear the burden to establish the Court's subject matter jurisdiction.  *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

Pursuant to Section 1332(a)(1), federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  Diversity jurisdiction requires complete diversity—*i.e.*, "no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Plaintiffs allege that they are each citizens of Colorado.  [#83 at ¶¶ 6-7]  And the Alibaba Defendants have represented that "none of the Alibaba Defendants are Colorado citizens."  [#70 at 2]  Thus, provided Senoc is not a citizen of Colorado, this Court could have diversity jurisdiction.

5

The problem for Plaintiffs, however, is that they insufficiently allege Senoc's citizenship. Plaintiff's allege, "[u]pon information and belief," Senoc is a sole proprietorship registered with the Philippine Department of Trade and Industry. [#83 at ¶ 14] Plaintiffs further allege that "[u]pon information and belief," the sole proprietor of Senoc is Ma Issa Cola Senocbit and "[u]pon information and belief," Ma Issa Cola Senocbit is a citizen of the Republic of the Philippines, is domiciled in the Republic of the Philippines, and is not a citizen of Colorado. [*Id.* at ¶¶ 16-17] "Plaintiff's allegations based on information and belief do not meet th[eir] burden [to establish jurisdiction]." *Lighthouse for Blind v. Ki Me Co, LLC*, No. 24-cv-02295-NYW-MDB, 2025 WL 4095850, at *2 (D. Colo. Apr. 7, 2025) (citing *Etana Custody Inc. v. Stratford Sols. SL*, No. 23-cv-03341-PAB-STV, 2024 WL 4123495, at *2 (D. Colo. Sept. 9, 2024) ("[P]laintiff's allegation, based on information and belief, as to [defendant's] citizenship, is insufficient to establish that the Court has diversity jurisdiction over this matter."); *Aghdashloo v. Mohseni*, No. 2:21-cv-03618, 2022 WL 4630042, at *4 (S.D. Ohio Sept. 30, 2022) ("The lion's share of federal authority . . . concludes that allegations of citizenship made on 'information and belief' are insufficient to establish diversity jurisdiction." (collecting cases))).

In Plaintiffs' response, they include a printout purporting to be from the Department of Trade and Industry in the Philippines, indicating that Senoc does business in the Calabarzon region of the Philippines and is owned by Ma Issa Cola Senocbit. [#91-2] Assuming without deciding that this document sufficiently establishes that Senoc is a sole proprietorship, operating out of the Philippines, with Ma Issa Cola Senocbit as its sole proprietor, this still does not solve the jurisdictional problem. A sole proprietorship takes the citizenship of its sole proprietor. *Lyerla v. AMCO Ins. Co.*, 536 F.3d 684, 687 n. 1 (7th

Cir. 2008); *Prime Ins. Co. v. Perez*, No. 2:23-cv-00074-JCH-GJF, 2023 WL 8779727, at

*2 (D.N.M. Dec. 19, 2023).  But with respect to Ma Issa Cola Senocbit's citizenship, all

Plaintiffs have presented to the Court is their "information and belief" that that individual

is a citizen of the Republic of the Philippines.  And as set forth above, "the lion's share of

federal authority . . . concludes that allegations of citizenship made on 'information and

belief' are insufficient to establish diversity jurisdiction." *Aghdashloo*, 2022 WL 4630042,

at *4.  Accordingly, Plaintiffs have failed to establish this Court's diversity jurisdiction and

the Court respectfully RECOMMENDS that the Motion be GRANTED.

## IV.    CONCLUSION

Accordingly, the Court respectfully **RECOMMENDS** that the Alibaba Defendants'

Motion to Dismiss for Lack of Jurisdiction [#89] be **GRANTED**.[3]

---

[3] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

DATED:  July 9, 2026                             BY THE COURT:

                                                 s/Scott T. Varholak
                                                 Chief United States Magistrate Judge