## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

DMITRY KATSEL, *et al.*,

Plaintiffs,

v.

ALIBABA GROUP HOLDING LIMITED, *et al.*,

Defendants.

No. 1:25-cv-00699-DDD-STV

## ALIBABA DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTION
## TO MAGISTRATE JUDGE'S RECOMMENDATION REGARDING DISMISSAL

Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com US
LLC, and Alibaba.com Singapore E-Commerce Private Limited (collectively, "the Alibaba
Defendants") hereby oppose Plaintiffs' July 14, 2026 Objection to the Recommendation of the
United States Magistrate Judge ("Objection") (Dkt. 103).

## INTRODUCTION

The Objection fails to present any persuasive arguments for this Court to reject the well-
reasoned Recommendation of United States Magistrate Judge ("Recommendation") (Dkt. 102),
where Chief Magistrate Judge Varholak recommended granting the Alibaba Defendants' Motion
to Dismiss for Lack of Jurisdiction ("Motion to Dismiss") (Dkt. 89) and dismissing this lawsuit
for lack of subject matter jurisdiction.

As discussed in more detail below, that recommended dismissal was correct; Plaintiffs did
not satisfy their burden of establishing subject matter jurisdiction because they failed to show
diversity of citizenship between them and Defendant Senoc Point-of-Sale Marketing ("Senoc"),

which they now allege is a sole proprietorship. Moreover, the Objection improperly makes other arguments that Plaintiffs waived because they failed to present those arguments to Judge Varholak in opposition to the Motion to Dismiss.

In the alternative, the Court should dismiss all claims asserted against the Alibaba Defendants for lack of personal jurisdiction. The Motion to Dismiss presented that argument to Judge Varholak and it was fully briefed, but he did not reach that argument because he recommended dismissal for lack of subject matter jurisdiction.[1]

## PROCEDURAL HISTORY

This is the second federal lawsuit filed by Plaintiffs involving the skid steer at issue here, and they have used a litany of changing—and sometimes contradictory—arguments regarding why, in their opinion, a federal district court has subject matter jurisdiction over their claims.

In January 2024, Plaintiffs filed a lawsuit against Alibaba Group Holding Limited and Senoc that invoked subject matter jurisdiction based on diversity of citizenship but did not allege that Senoc is a sole proprietorship. *See* Complaint, No. 1:24-cv-00181-SKC (D. Colo. Jan. 22, 2024) (Dkt. 53-1, in this lawsuit). After that lawsuit was assigned to Judge Crews, he issued an

---

[1] In cases assigned to this member of the Court, an objection to a magistrate judge's recommendation is not allowed to exceed 4,000 words. Judge Domenico's Practice Standard III(A)(1). All such objections are required to include a separate statement certifying that the objection "complies with the applicable length limitation set forth in these Practice Standards." *Id*. III(A)(5). The Objection violates those Practice Standards. Plaintiff failed to include the certification statement, and the Objection (which consists of more than 5,500 words) greatly exceeds the 4,000-word limit. Plaintiffs cannot credibly claim ignorance regarding this issue. The Alibaba Defendants have filed numerous motions, oppositions, and other submissions in this case that include the word-limit-certification-statement, with a cite to the Court's Practice Standards, which put Plaintiffs on notice of the requirements at issue here. Plaintiffs violated those requirements, so the Court should disregard the Objection. In the event that the Court nevertheless considers the merits of Plaintiffs' arguments, the Alibaba Defendants show below why those arguments do not carry the day.

order questioning subject matter jurisdiction—including identifying Senoc as a potential impediment to diversity jurisdiction—and requiring Plaintiffs to show cause why that case should not be dismissed. Order to Show Cause at 3-4, No. 1:24-cv-00181-SKC (D. Colo. Jan. 30, 2024) (Dkt. 53-2, in this lawsuit). Plaintiffs' response did not claim that Senoc is a sole proprietorship. *See* Plaintiffs' Answers to the Court's Order to Show Cause (filed in Civil Action No. 1:24-cv-00181-SKC) (Dkt. 89-1, in this lawsuit). Plaintiffs "agree[d] with the Honorable Courts' [*sic*] reasoning that it does not have a [*sic*] subject matter jurisdiction" and requested dismissal without prejudice. *Id*. Judge Crews dismissed that case without prejudice in a text-only docket order. Order, No. 1:24-cv-00181-SKC (D. Colo. Feb. 5, 2024) (Dkt. 8, in that lawsuit).

When Plaintiffs filed this lawsuit, they did not allege that Senoc is a sole proprietorship. Complaint at page 4 (Dkt. 1). After reviewing Plaintiffs' Complaint, Chief Magistrate Judge Varholak put Plaintiffs on notice about the diversity-jurisdiction problem involving Senoc. *See* Order to Show Cause at 3-5 (Dkt. 42). Plaintiffs' responses (Dkt. 45, Dkt. 51) to that order did not assert that Senoc is a sole proprietorship, nor did the proposed "Corrected Amended Complaint," (Dkt. 69-1), which merely alleged (¶ 6) that Senoc "is organized and headquartered in the Philippines."

After Judge Varholak recommended dismissal based in part on the Senoc problem, *see* Recommendation of United States Magistrate Judge at 6-8 (Dkt. 55), Plaintiffs objected but did not claim that Senoc is a sole proprietorship. Instead, they tried to hedge their bets by arguing that Senoc is a non-existent defendant or, in the alternative, a foreign entity. Plaintiffs' Objections to Magistrate Judge's Recommendation at 2, 5-7 (Dkt. 56). However, this Court rejected Plaintiffs' arguments; adopted Judge Varholak's recommendation; dismissed this lawsuit with prejudice for

lack of subject matter jurisdiction due to the Senoc problem; and gave Plaintiffs leave to file an amended complaint. January 27, 2026 Order (Dkt. 82).

Plaintiffs filed the Second Amended Complaint ("SAC") (Dkt. 83), which made upon-information-and-belief allegations regarding Senoc and its proprietor, Ma Issa Cola Senocbit. The Motion to Dismiss (Dkt. 89) sought dismissal of the SAC, and, after further briefing by the parties, Judge Varholak issued the Recommendation (Dkt. 102) that led to the Objection now before this Court.

## ARGUMENT

I.     **The Court Should Adopt The Recommendation And Dismiss This Lawsuit For Lack Of Subject Matter Jurisdiction.**

A.  **Judge Varholak Correctly Recommended Dismissal Based on Plaintiffs' Failure to Satisfy their Burden of Establishing Subject Matter Jurisdiction.**

As Judge Varholak correctly stated: "Because federal courts are courts of limited jurisdiction, the Court must 'presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.'" Recommendation at 5 (quoting *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999)). He also correctly placed the burden on Plaintiffs to establish subject matter jurisdiction and correctly stated that diversity jurisdiction, which was the only subject matter jurisdiction argument at issue in the SAC, requires complete diversity of citizenship between all plaintiffs and all defendants. *Id.*

Plaintiffs do not—and cannot—object to Judge Varholak's statement of those legal principles. Indeed, Plaintiffs concede that the "Recommendation adopted the correct legal framework." Objection at 2; *see also id.* at 4.

4

Applying those legal principles, Judge Varholak focused on whether Plaintiffs' argument regarding Senoc's citizenship "solve[d] the jurisdictional problem," Recommendation at 6, and concluded that Plaintiffs did not do so, *see id*. at 6-7. That ultimate conclusion was based on Judge Varholak's subsidiary conclusions—namely that: (a) Plaintiffs insufficiently alleged Senoc's citizenship by repeatedly making upon-information-and-belief allegations about that issue in the SAC, Recommendation at 6-7; and (b) a document filed by Plaintiffs—"a printout purporting to be from the Department of Trade and Industry in the Philippines," *id*. at 6, did not satisfy their burden of establishing diversity jurisdiction, *id*. at 6-7.

The Objection does not present any meritorious arguments to challenge those subsidiary conclusions, so the Court should accept the recommended dismissal for lack of subject matter jurisdiction.

*First*, Plaintiffs unsuccessfully try to evade the impact of cases cited in the Recommendation (page 6) that stand for the proposition that allegations of citizenship made upon information and belief are insufficient to establish diversity jurisdiction. Plaintiffs contend that those cases are distinguishable from this case because they arose in the default judgment context, *see* Objection at 6, but Plaintiffs' effort to confine that generally applicable principle to the default judgement context fails. Numerous other cases—not decided in the default judgment context (and cited by the Alibaba Defendants in submissions to Judge Varholak)—held that allegations of citizenship made upon information and belief do not suffice to establish diversity jurisdiction. *See, e.g.*, *General Casualty Co. of Wisconsin v. M & M Construction Solutions LLC*, No. 22-cv-02444-PAB, 2023 WL 143031, at \*2 (D. Colo. Jan. 10, 2023); *Zayo Group, LLC v. Netropy, LLC*, No. 21-cv-02640-NYW, 2021 WL 9569638, at \*1 (D. Colo. Sept. 30, 2021); *Stone v. Standard Ins.*

*Co.*, No. 19-cv-00802-MEH, 2019 WL 13201204, at *1 (D. Colo. May 6, 2019); *Yates v. Portofino Real Estate Properties Co.*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009). A much longer string of cases not decided in the default judgment context could be cited for the same generally applicable proposition, but there is no need to belabor the point. The Recommendation correctly relied on that generally applicable proposition when rejecting Plaintiffs' attempt to use upon-information-and-belief allegations to satisfy their subject-matter-jurisdiction burden.

*Second*, Plaintiffs try to distinguish the cases cited in the Recommendation by arguing that, unlike in this case, the record was empty regarding citizenship in those cases, *see* Objection at 6-7, but that argument also lacks merit. Judge Varholak stated that, "with respect to Ma Issa Cola Senocbit's citizenship, all Plaintiffs have presented to the Court is their 'information and belief' that the individual is a citizen of the Republic of the Philippines." Recommendation at 7. Instead of making a contrary showing regarding that issue, Plaintiffs belatedly present arguments in the Objection that they did not present to Judge Varholak in opposition to the Motion to Dismiss, which is not allowed, *see infra* Section I.B.

*Third*, although Plaintiffs now try to make much of the document that Judge Varholak called "a printout purporting to be from the Department of Trade and Industry in the Philippines [hereinafter, "the Printout]," Recommendation at 6 (citing Dkt. 91-2), they fail to disclose that they also submitted that Printout in their prior lawsuit involving the same skid steer at issue here, which they asked Judge Crews to dismiss after he issued his show cause order. *See supra* pages 2-3. The last page of Exhibit 1 (Dkt. 89-1 in this case) to the Motion to Dismiss shows that the Printout was filed as Exhibit 1 to "Plainiffs' [*sic*] Answers to the Court's Order to Show Cause" in the prior

case, and the filing at Dkt. 5 in that prior case (No. 1:24-cv-00181-SKC) is "Plainiffs' [*sic*] Answers to the Court's Order to Show Cause," with the Printout attached as Exhibit 1 at the last page of that filing.[2] Thus, if Plaintiffs believed that the Printout establishes diversity jurisdiction—as they now contend—they could have made that argument to Judge Crews in the prior case, but they did not do so and instead asked him to dismiss their lawsuit.[3]

**B. The Objection Improperly Makes Other Arguments that Plaintiffs Waived because they Failed to Present those Arguments to Judge Varholak in Opposition to the Motion to Dismiss.**

To ensure that a party does not waste the time and effort required for proceedings conducted by a magistrate judge and does not sand-bag that judge by holding back arguments that fall within the scope of issues to be addressed in that judge's recommendation, the party is required to present those arguments to that judge or suffer the consequences—namely, waiver of any right to object to the recommendation by making arguments not presented to that judge. In other words, "[a]rguments and claims raised for the first time in an objection to a magistrate judge's report and recommendation are waived." *Reyes v. Larimer Cnty.*, 796 F. App'x 497, 499 (10th Cir. 2019); *see Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *United States v.*

---

[2] Although the docket sheet entry in the prior case does not match the title of the filing (apparently due to a mistake by Plaintiffs), the filing makes clear—by the substance and the title used by Plaintiffs—that it was their response to Judge Crews' show cause order regarding subject matter jurisdiction.

[3] As shown by Plaintiffs' filings in the prior case, Plaintiffs' dismissal request in that case was not attributable to only the absence of federal question jurisdiction or to an amount-in-controversy deficiency. "Plainiffs' [*sic*] Answers to the Court's Order to Show Cause" (Dkt. 5 in the prior case; Dkt. 89-1 in this case) and "Amended Plainiffs' [*sic*] Answers to the Court's Order to Show Cause" (Dkt. 7 in the prior case) both had a heading called "28 U.S.C. § 1332" and both stated under that heading, in paragraph 3, that Plaintiffs' total claimed damages exceeded the $75,000 threshold.

*Pipkin*, No. 1:24-cv-03301-DDD-NRN, 2025 WL 2711070, at \*1 (D. Colo. Aug. 7, 2025) (Domenico, J.) (favorably citing *Marshall*, 75 F.3d at 1426-27).[4] Thus, a party is not allowed to wait for a magistrate judge's recommendation and then attack it by presenting a new argument to the Article III judge that was not presented to the magistrate judge. Such sandbagging and piecemeal litigation tactics run afoul of the division of responsibilities between Article III judges and magistrate judges and undermine the goal—assisting Article III judges in dealing with their cases—of the statute that authorizes that division of responsibilities. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) (stating that the Federal Magistrates Act "grew out of Congress' desire to give district judges additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships" (quotation marks omitted)).

In the Objection, Plaintiffs improperly make arguments that they waived because they failed to present those arguments to Judge Varholak in opposition to the Motion to Dismiss.

***First***, the Objection delves into arcane issues of Philippine law in an effort to satisfy Plaintiffs' burden of establishing Senoc's citizenship via the citizenship of Ma Issa Cola Senocbit, Objection at 8-14, but Plaintiffs did not present those arguments to Judge Varholak. Although Plaintiffs filed an opposition to the Motion to Dismiss (Dkt. 91) and a sur-reply (Dkt. 100), those

---

[4] Plaintiffs' *pro se* status does not shield them from that waiver principle. In *Pipkin*, this Court applied that waiver principle against parties even though they were proceeding *pro se*. *See Pipkin*, 2025 WL 2711070, at \*1 (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) and stating in parenthetical to that citation that "pro se parties must follow same rules of procedure that govern other litigants, and court cannot act as their advocate by searching the record for arguments"). Moreover, the Supreme Court rejected the argument that "procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that *pro se* parties must "follow the same rules of procedure that govern other litigants" (quotation marks omitted)).

filings did not make the Philippine-law-based arguments asserted in the Objection. In addition, Plaintiffs cannot contend that those arguments could not have been made until now. Those arguments are not based on a new, recent factual or legal development that arose after Plaintiffs submitted their briefing on the Motion to Dismiss to Judge Varholak. Plaintiffs could have—but did not—present their Philippine-law-based arguments in the first instance to Judge Varholak. In these circumstances, Plaintiffs waived those arguments and are precluded from raising them here.

Moreover, as the parties invoking foreign law, Plaintiffs have the burden of establishing that foreign law. *See, e.g.*, *McGee v. Arkel Int'l LLC*, 671 F.3d 539, 546 (5th Cir. 2012); *Ferrostaal, Inc. v. M/V Sea Phoenix*, 447 F.3d 212, 218 (3d Cir. 2006); *J.Y.C.C. v. Doe Run Resources, Corp.*, 370 F. Supp. 3d 1031, 1047 (E.D. Mo. 2019). Rule 44.1 of the Federal Rules of Civil Procedure governs when a party invokes foreign law. Under Rule 44.1, "expert testimony accompanied by extracts from foreign legal materials has been and will likely continue to be the basic mode of proving foreign law." *Radu v. Shon*, 62 F.4.th 1165, 1173 (9th Cir. 2023); *see Trower v. Blinken*, Case No. 4:22-CV-77-JAR, 2022 WL 2304041, at *4 (E.D. Mo. June 27, 2022) ("Most often, foreign law is established through written or oral expert testimony accompanied by extracts from foreign legal material." (quotation marks omitted)). However, the Objection presents arguments that are based on Plaintiffs' own characterizations and interpretations of Philippine law without any support from a Philippine law expert. These *pro se* plaintiffs have given the Court no reason to believe that they have the expertise needed to correctly interpret and apply—and draw valid inferences from—Philippine law. Thus, even if the Court does not accept the waiver argument presented in the prior paragraph, the Court should not credit Plaintiffs' arguments regarding Philippine law.

*Second*, Plaintiffs try to rescue their case by once again attempting to amend their complaint—the Objection relies heavily and repeatedly on Plaintiffs' Proposed Third Amended Complaint ("Proposed TAC"), *see* Objection at 1-3, 5, 7, 14-15, 20-21 (discussing Proposed TAC)—but that argument also has been waived. Plaintiffs' briefing below (Dkt. 91, Dkt. 100) defended the SAC and did not ask Judge Varholak for leave to amend that pleading. Plaintiffs could have presented that argument to Judge Varholak (it is not based on a new, recent factual or legal development), but they failed to do so, which means that they are barred from presenting that argument here.

*Third*, the same waiver principle defeats Plaintiffs' argument regarding 28 U.S.C. § 1653, *see* Objection at 19-20. Plaintiffs' briefing on the Motion to Dismiss did not present that argument to Judge Varholak, so it has been waived.

## II.    In The Alternative, The Court Should Dismiss All Claims Asserted Against The Alibaba Defendants For Lack Of Personal Jurisdiction.

If the Court declines to dismiss this lawsuit for lack of diversity jurisdiction, the Court should dismiss all claims asserted against the Alibaba Defendants for lack of personal jurisdiction. The Alibaba Defendants briefed their lack-of-jurisdiction-personal-jurisdiction arguments in the Motion to Dismiss (Dkt. 89, at pages 7-13), in their reply (Dkt. 92, at pages 5-9), and in their sur-reply (Dkt. 101, at pages 5-8). Judge Varholak acknowledged those arguments, *see* Recommendation at 4, but did not reach them because he recommended dismissal based on lack of subject matter jurisdiction. The Alibaba Defendants incorporate those lack-of-personal-jurisdiction arguments by reference here and present them as an alternative basis for the Court to dismiss the claims asserted against the Alibaba Defendants.

10

### III.     Plaintiffs Are Not Entitled To Jurisdictional Discovery.

A party seeking jurisdictional discovery cannot present speculation to satisfy that party's burden of persuading a court to exercise its discretion to permit such discovery. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1234 (10th Cir. 2020); *Sur-Tec, Inc. v. CovertTrack Group, Inc.*, No. 13-2218-CM, 2014 WL 1304909, at *3 (D. Kan. Mar. 31, 2014).

Here, there is no persuasive reason to further delay the resolution of this lawsuit by granting Plaintiffs' request for jurisdictional discovery. That request is based on speculation and does not satisfy Plaintiffs' burden. Accordingly, it was proper for the Recommendation to not allow jurisdictional discovery, and this Court likewise should reject Plaintiffs' request for such discovery.

### CONCLUSION

"Litigation is not evolutionary. The time to prepare one's case is before the complaint is filed[,] not as the need unfolds." *Limerick v. Greenwald*, 749 F.2d 97, 100 n.2 (1st Cir. 1984). Plaintiffs have taken a diametrically opposed approach in this litigation. Their arguments regarding subject matter jurisdiction and Senoc have been moving targets, constantly evolving to suit Plaintiffs' litigation interests and with no regard for waiver principles that preclude such litigation tactics.

For the foregoing reasons, the Court should overrule the Objection and dismiss this lawsuit for lack of subject matter jurisdiction. In the alternative, the Court should dismiss all claims asserted against the Alibaba Defendants for lack of personal jurisdiction.

11

Dated:    July 28, 2026

Respectfully submitted,

BALANCE LAW FIRM

By: _B. Robert Liu_____

B. Robert Liu, Esq.
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

Greg R. Remmenga, Esq.
GREG REMMENGA, P.C.
714 Arrowest Road, Unit B
Grand Junction, CO 81505
(970) 263-4734
greg@gregremmenga.com

*Attorneys for Defendants Alibaba Group
Holding Limited, Alibaba.com US E-
Commerce Corp., Alibaba.com US LLC, and
Alibaba.com Singapore E-Commerce
Private Limited*

I hereby certify that the foregoing opposition complies with the type-volume limitation

set forth in Judge Domenico's Practice Standard III(A)(1).