**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

DMITRY KATSEL, *et al*.,

       Plaintiffs,

       v.

ALIBABA GROUP HOLDING LIMITED, *et al.*,

       Defendants.

No. 1:25-cv-00699-DDD-STV

**ALIBABA DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE CORRECTED OBJECTION
TO MAGISTRATE JUDGE'S RECOMMENDATION REGARDING DISMISSAL**

Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com US LLC, and Alibaba.com Singapore E-Commerce Private Limited (collectively, "the Alibaba Defendants") respond to Plaintiffs' July 30, 2026 Motion for Leave to File Corrected Objection to the Recommendation of the United States Magistrate Judge ("Plaintiffs' Motion") (Dkt. 106). Although the title of that motion implies that it makes only one request for relief, it actually makes two requests for relief. As discussed below, the Alibaba Defendants oppose both requests.

*First*, the Alibaba Defendants oppose Plaintiffs' request that the Court give them leave to file a "Corrected Objection" (Dkt. 106-1) to replace Plaintiffs' July 14, 2026 Objection to the Recommendation of the United States Magistrate Judge ("Initial Objection") (Dkt. 103), which violated this Court's Practice Standards. Plaintiffs should not be able to take advantage of their own rule violations by filing the Corrected Objection *after* they have seen—and been able to tailor their arguments in the Corrected Objection in response to—the Alibaba Defendants' July 28, 2026

Opposition to Plaintiffs' Objection to Magistrate Judge's Recommendation Regarding Dismissal ("Alibaba Defendants' Opposition") (Dkt. 105). That is not how litigation is supposed to work. The relief sought by Plaintiffs would: (a) be unfair to the Alibaba Defendants; (b) be procedurally improper and untimely; and (c) impose unnecessary costs on the Alibaba Defendants because, if the Corrected Objection is filed, they should be allowed to file an opposition to ensure that it responds to the arguments made in, and has correct page cites to, the Corrected Objection.

In the alternative, if the Court grants leave to file the Corrected Objection, it should allow the Alibaba Defendants to file an opposition to the Corrected Objection. Plaintiffs' Motion (page 3) states that the Corrected Objection removes Section E of the Initial Objection. That argument was a substantial part of the Initial Objection (see pages 10-14), so the Alibaba Defendants should be allowed to file an opposition to the Corrected Objection after it has been filed.

*Second*, Plaintiffs' Motion seeks leave to file a Proposed Reply (Dkt. 106-3) to the Alibaba Defendants' Opposition, which the Alibaba Defendants oppose. In an attempt to justify the request for leave to file a reply, Plaintiffs' Motion (page 5) identifies two arguments asserted in the Alibaba Defendants' Opposition, but Plaintiffs miss the mark regarding those issues. The first argument identified by Plaintiffs—that their Initial Objection violated the Practice Standards—has already been addressed in Plaintiffs' Motion and above, so the Court can decide that issue without the Proposed Reply. The second argument identified by Plaintiffs—the lack-of-personal-jurisdiction argument, which the Alibaba Defendants' Opposition asserts as an alternative argument—does not require a reply by Plaintiffs because it was fully briefed to Chief Magistrate Judge Varholak on the Alibaba Defendants' Motion to Dismiss and because the Alibaba Defendants merely incorporated by reference that prior briefing without making any new personal jurisdiction

2

arguments. Thus, if the Court reaches that argument, it can decide whether it has personal jurisdiction based on the parties' prior briefing. The Court is permitted to decide the personal jurisdiction issue without first determining whether it has subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999).

Moreover, Plaintiffs' identification of the two arguments discussed above is misleading because much of the Proposed Reply (pages 2-5) actually responds to *other* arguments asserted in the Alibaba Defendants' Opposition, which appropriately responded to arguments in the Initial Objection. This Court's general rule is that replies are not permitted in support of objections to magistrate judges' recommendations, and Plaintiffs provide no persuasive reason for the Court to depart from that general rule by granting them leave to file the Proposed Reply.[1]

In the alternative, if the Court grants leave for Plaintiffs to file the Proposed Reply, the Court should give the Alibaba Defendants leave to file a sur-reply, which makes new arguments that lack merit. For example, the Proposed Reply (pages 2-3) tries to evade the Alibaba Defendants' waiver argument by relying heavily on the principle that an *objection* to subject matter jurisdiction can be raised by a party or by the court on its own initiative at any stage in the litigation. The Alibaba Defendants acknowledge that principle, but the converse is not true and does not defeat

---

[1] Plaintiffs' Motion (page 5) correctly notes that the Court's January 27, 2026 Order (Dkt. 82) dismissed this case without prejudice. The "with prejudice" statement in the Alibaba Defendants' Opposition was an inadvertent scrivener's error, as is clear from the rest of that sentence, which states that the dismissal was for lack of subject matter jurisdiction and that Plaintiffs were given leave to file an amended complaint. In addition, Plaintiffs' Motion (pages 6-7) complains that the Alibaba Defendants did not provide Plaintiffs with 8 unpublished orders (available on Westlaw) cited in the Alibaba Defendants' Opposition. In fact, we cited 6 of those 8 unpublished orders in prior filings in this case within the last 8 months (Dkt. 89 (filed 3/10/26); Dkt. 67 (filed 12/8/25)) and sent them to Plaintiffs with those filings, so they already have those 6 orders. In any event, we have sent all 8 unpublished orders to Plaintiffs by email today and apologize for the oversight.

their argument that Plaintiffs waived their argument that the Court has diversity jurisdiction based on the citizenship of Ma Issa Cola Senocbit. In other words, Plaintiffs are not **objecting** to subject matter jurisdiction; they are attempting to satisfy their burden of establishing subject matter jurisdiction. If the Proposed Reply is filed with leave of Court, the Alibaba Defendants should be permitted to file a sur-reply to respond to that argument and Plaintiffs' other arguments.

In conclusion, for the foregoing reasons, the Court should: (a) deny Plaintiffs' request for leave to file the Corrected Objection or, in the alternative, allow the Alibaba Defendants to file an opposition after the Corrected Objection has been filed; and (b) deny Plaintiffs' request for leave to file the Proposed Reply or, in the alternative, allow the Alibaba Defendants to file a sur-reply.

Dated: August 3, 2026

Respectfully submitted,

BALANCE LAW FIRM

By: *B. Robert Liu*
B. Robert Liu, Esq.
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

Greg R. Remmenga, Esq.
GREG REMMENGA, P.C.
714 Arrowest Road, Unit B
Grand Junction, CO 81505
(970) 263-4734
greg@gregremmenga.com

*Attorneys for Defendants Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com US LLC, and Alibaba.com Singapore E-Commerce Private Limited*

I hereby certify that the foregoing opposition complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).