**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Daniel D. Domenico**

Civil Action No. 1:25-cv-00699-DDD-STV

DMITRY KATSEL; and
HELENE KATSEL,

Plaintiffs,

v.

ALIBABA GROUP HOLDING LIMITED,
ALIBABA.COM US E-COMMERCE CORP.,
ALIBABA.COM US LLC,
ALIBABA.COM SINGAPORE E-COMMERCE PRIVATE LIMITED; and
SENOC POINT-OF-SALE MARKETING,

Defendants.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**

---

Before me is Magistrate Judge Scott T. Varholak's recommendation that this case be dismissed without prejudice for lack of subject matter jurisdiction. Doc. 102. Plaintiffs timely objected, Doc. 103, and the Alibaba Defendants responded, Doc. 105. For the reasons below, the objections are overruled and the recommendation is accepted and adopted.

## BACKGROUND

*Pro se* Plaintiffs Dmitry and Helene Katsel attempted to purchase a skid steer from Defendant Senoc through the Alibaba marketplace.[1] They allege they paid for the machine, but it never arrived. They

[1] No party objects to Judge Varholak's recitation of the background. *See* Doc. 102 at 2–4.

brought this suit for fraudulent misrepresentation, negligent misrepresentation, violation of the Colorado Consumer Protection Act, civil theft, and unjust enrichment. Doc. 83. The Katsels invoked this court's diversity jurisdiction under 28 U.S.C. § 1332. *Id.*

The Alibaba Defendants moved to dismiss, and Judge Varholak concluded that the Court lacks sufficient information about the citizenship of Defendant Senoc Point-of-Sale Marketing to determine if it has subject matter jurisdiction.

## LEGAL STANDARD

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). But the Court cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). *Pro se* parties also must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Timely objections to a magistrate judge's recommendation on a dispositive issue require a de novo review of the objected-to issue. Fed. R. Civ. P. 72(b)(3). Objections, however, must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Insufficiently specific objections are not entitled to de novo review, *id.*, and the Court therefore reviews such objections only to satisfy itself that there is "no clear error on the face of the record," Fed. R. Civ. P. 72(b) Advisory Committee Notes; *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## DISCUSSION

The Katsels' objection argues that Judge Varholak erred in concluding that the Court lacks subject matter jurisdiction. So I review these conclusions de novo.

### I. Motion to File Corrected Objection

The Katsels' original, timely objection failed to comply with my word-length limitations and requirement to include a certification thereof. *See* DDD Civ. P.S. III(A)(1), (5). Defendants ask me to disregard the objection because of these deficiencies and the Katsels' moved to file a corrected objection, Doc. 106, which Defendants opposed, Doc. 107.

I accept the Katsels' original objection, Doc. 106, as filed. Plaintiffs' request to file a corrected objection is MOOT and their request to file a reply is DENIED.

### II. Subject Matter Jurisdiction

By constitutional and statutory design, federal courts are courts of limited jurisdiction. So the Court must "satisfy itself as to its own jurisdiction." *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). The Court must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *U.S. ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). The Katsels invoked this Court's diversity jurisdiction, so the Court must determine if they have shown that the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant. *See* 18 U.S.C. § 1332(a)(1). Judge Varholak held they have not. I agree.

Judge Varholak concluded that the Katsels failed to identify the citizenship of Defendant Senoc Point-of-Sale Marketing, and therefor have not shown complete diversity. Plaintiffs allege that Senoc is a sole

proprietorship headquartered in the Philippines and owned by Ma Issa Cola Senocbit. Doc. 83 ¶¶ 14–15. A sole proprietorship takes on the citizenship of its owner, and the complaint alleges "[u]pon information and belief, Ma Issa Cola Senocbit is a citizen of the Republic of the Philippines, is domiciled in the Republic of the Philippines." *Id.* ¶ 17. Judge Varholak concluded that this is insufficient to determine citizenship because "the lion's share of federal authority . . . concludes that allegations of citizenship made on 'information and belief' are insufficient to establish diversity jurisdiction." Doc. 102 at 7 (quoting *Aghdashloo v. Mohseni*, No. 2:21-CV-03618, 2022 WL 4630042, *4 (S.D. Ohio Sept. 30, 2022)).

The Katsels do not object to the recommendation's legal framework, Doc. 103 at 4, nor do they contest that information and belief pleading is insufficient to establish citizenship. They disagree with dismissal for two reasons: (1) they argue they should be given an opportunity to cure and attach a proposed Third Amended Complaint and (2) they argue that Philippines law establishes Ms. Senocbit's Philippines citizenship.

Taking these arguments in reverse order, both fail. First, the Katsels did not argue in response to the motion to dismiss that Philippines law establishes Ms. Senocbit's citizenship. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Even if this argument were preserved, Plaintiffs have not met their burdens under Fed. R. Civ. P. 44.1. *See* Fed. R. Civ. P. 44.1 ("A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing."); *Radu v. Shon*, 62 F.4th 1165, 1173 (9th Cir. 2023) ("expert testimony accompanied by extracts from foreign legal materials has been and will likely continue to be the basic mode of proving foreign law.").

Second, Plaintiffs' proposed Third Amended Complaint cannot save their flawed Second Amended Complaint. Review of a motion to dismiss is generally confined to the four corners of the operative complaint and the Katsels have not requested leave to amend.

"[L]ack of information . . . impedes our ability to assure ourselves of jurisdiction." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1307 (10th Cir. 2025). The Court cannot conclude it has subject matter jurisdiction, so the case must be dismissed.

**CONCLUSION**

Defendants' objections, Doc. 103, are OVERRULED;

Plaintiffs' Moton for leave to file a corrected objection, Doc. 106, is MOOT;

Judge Varholak's Report and Recommendation, **Doc. 102**, is **ACCEPTED and ADOPTED**;

Defendants' Motion to Dismiss, **Doc. 89**, is **GRANTED**.

This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Plaintiffs may file this case in state court, where complete diversity is not required. If Plaintiffs wish to attempt to amend and file their proposed third amended complaint, they may file a motion requesting leave to do so.

DATED: August 17, 2026

BY THE COURT:

Daniel D. Domenico
Chief United States District Judge