**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| DMITRY KATSEL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALIBABA GROUP HOLDING LIMITED, *et al.*,<br><br>Defendants. | No. 1:25-cv-00699-DDD-STV |

**ALIBABA DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT AND FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Pursuant to DDD Civ. P.S. III.B.1, the Alibaba Defendants[1] seek leave to file a sur-reply to Plaintiffs' Reply in Support of Motion to Alter or Amend Judgment and for Leave to File Third Amended Complaint ("Plaintiffs' Reply") (Dkt. 113). The Court should grant this motion for the reasons set forth below.

***First***, Plaintiffs' Reply does yet another flip-flop regarding Plaintiffs' position in this litigation, where Plaintiffs repeatedly have changed their positions regarding important issues. This latest flip-flip involves *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084 (10th Cir. 2005), which Plaintiffs cited with approval in Plaintiffs' Motion to Alter or Amend Judgment and for Leave to File Third Amended Complaint ("Plaintiffs' Motion") (Dkt. 111). However, after the Alibaba Defendants filed their Opposition to Plaintiffs' Motion to Alter or Amend Judgment and

[1] Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, and Alibaba.com Singapore E-Commerce Private Limited.

for Leave to File Third Amended Complaint ("Defendants' Opposition") (Dkt. 112)—showing that *Tool Box* actually supports their argument and undermines Plaintiffs' argument—Plaintiffs backed away from that case and now rely heavily on an unpublished order in the *Yellow Corp.* case, *see* Plaintiffs' Reply at 1-5 (repeatedly quoting or citing *Yellow Corp. v. Int'l Brotherhood of Teamsters*, No. 24-1111, 2025 WL 3089412 (10th Cir. Nov. 5, 2025)). In light of the importance that Plaintiffs ascribe to *Yellow Corp.*, they should have cited that order in Plaintiffs' Motion, instead of waiting until Plaintiffs' Reply to cite it. In these circumstances, the Alibaba Defendants should be permitted to file a sur-reply that explains why, for several alternative reasons, the *Yellow Corp.* order should not lead the Court to grant Plaintiffs' Motion: (a) this Court is not required to follow *Yellow Corp*. because it is an unpublished order, so it "is not binding precedent," *Yellow Corp.*, 2025 WL 3089412, at n.*; (b) to the extent that *Yellow Corp.* is at odds with, and fails to follow, the Tenth Circuit's prior published *Tool Box* opinion, *Yellow Corp.* is not persuasive authority; (c) *Yellow Corp.* is distinguishable in important respects from this lawsuit; and (d) even if the Court decides that *Yellow Corp.* applies here, Plaintiffs' Motion nevertheless should be denied.

***Second***, Plaintiffs' Reply is inconsistent with Plaintiffs' prior argument regarding the role that Philippines law plays with respect to Plaintiffs' burden of establishing that this Court has subject matter jurisdiction based on complete diversity of citizenship. This Court correctly stated that Plaintiffs "argue[d] that Philippines law establishes Ms. Senocbit's Philippines citizenship," before holding: (a) that their Philippines-law argument had been waived; and (b) that, even if that argument had been preserved, it failed because "Plaintiffs have not met their burdens under Fed. R. Civ. P. 44.1." Order Adopting Report and Recommendation and Dismissing Case at 4 (Dkt.

109). Plaintiffs now try to evade the impact of Philippines law and Rule 44.1 by claiming that the "domicile of a natural person is a question of fact," Plaintiffs' Reply at 10, but that greatly oversimplifies that issue in the context of this case. Moreover, Plaintiffs do not provide a valid justification for— let alone even acknowledge—their about-face regarding this issue.

In conclusion, to ensure that the Court is not misled by Plaintiff's Reply, the Court should grant this motion and allow the Alibaba Defendants to file a sur-reply that addresses the arguments set forth above (and any other arguments in Plaintiffs' Reply that the Alibaba Defendants may want to address).

Dated: September 21, 2026

Respectfully submitted,

BALANCE LAW FIRM

By: B. Robert Liu

B. Robert Liu, Esq.
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com

Greg R. Remmenga, Esq.
GREG REMMENGA, P.C.
714 Arrowest Road, Unit B
Grand Junction, CO 81505
(970) 263-4734
greg@gregremmenga.com

*Attorneys for Defendants Alibaba Group Holding Limited, Alibaba.com US E-Commerce Corp., Alibaba.com US LLC, and Alibaba.com Singapore E-Commerce Private Limited*

I hereby certify that the foregoing Motion complies with the type-volume limitation set forth in DDD Civ. P.S. III.A.1.

CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of September 2026, I caused to be served, via first-class mail (postage prepaid), the foregoing Motion on:

Dmitry Katsel
Helene Katsel
13859 North Valley Hi Court
Parker, CO 80138

B. Robert Liu

B. Robert Liu